**LIEW FAT v. CARMICHAEL, Dist. Director of Immigration and Naturalization.**

No. 9640.

Circuit Court of Appeals, Ninth Circuit.

April 16, 1941.

You Chung Hong, of Los Angeles, Cal., for appellant.

William Fleet Palmer, U. S. Atty., and Russell K. Lambeau, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Appellant, a native born Chinese, made application at the port of San Pedro, California, for admission to this country, claiming to be the foreign-born citizen son of Liew Kit, whose American citizenship is conceded. A Board of Special Inquiry, section 17 of the Immigration Act of February 5, 1917, c. 29, 39 Stat. 887, 8 U.S.C.A. § 153, found that the relationship claimed was not established and denied him admission, and the Secretary of Labor approved. The applicant sued out the writ of habeas corpus and after hearing the District Court dismissed the writ. Applicant appeals.

Appellant asserts that the discrepancies in the testimony, the basis of the Board's conclusions, are trivial and neither prove nor disprove the relationship. It appears otherwise.

Appellant testified that he was born in Bow Lung Village on December 29, 1921, and there lived in the same house until he came to the United States. The alleged father gave the place of birth as Bow Lung Village.

However, in May, 1922, in an application for return certificate, the alleged father testified that the appellant was then with his mother in Gok Lung Village.

In October, 1927, at another Board hearing, the alleged father testified that his fam-

---

ily had moved to Bow Lung in 1921, and that they returned to Gok Leung [Gok Lung] in November, 1921, where they remained until 1922. It may be noted that according to this testimony, the family moved to Gok Lung a month before appellant's birth.

On November 19, 1930, the alleged father testified that his wife was living in Gok Lung. When confronted with his 1927 testimony he said by way of correction that his family had moved to Bow Lung over ten years before, but that he couldn't remember the date. According to this testimony, then, the alleged family of appellant moved to Bow Lung before 1920. It is inconsistent with the alleged father's 1922 testimony that the appellant and his mother were at that time in Gok Lung Village.

Lieu Ock, an alleged brother of appellant, testified that his father, mother and two youngest brothers [one of whom is alleged to be the appellant] lived in Leung How [Gok Lung] from May, 1921, to November 15, 1922, and that they then moved to Bow Lung. This testimony would appear to indicate appellant's birthplace as Gok Lung instead of Bow Lung, as claimed by the appellant.

Another alleged brother, Liew Fan, testified that the appellant was born in Gok Lung Village and lived there for about a year after birth, at which time the family moved to Bow Lung Village, where they lived until appellant left for the United States. Later he testified that he thought the appellant was born in Gok Lung, but that he wasn't sure. However, even assuming that he was honestly mistaken about the time that the family moved to Bow Lung Village still his statement that the family lived in Bow Lung after they moved there until the time that appellant left for the United States is inconsistent with the alleged father's testimony in 1922 that his family was then in Gok Lung Village.

There are numerous other discrepancies in the testimony of the appellant and his witnesses, concerning such matters as the school attended by the appellant; the number of children in his alleged brothers' families and the like. We cannot hold that the action of the Board was arbitrary or capricious. See Mui Sam Hun v. United States, 9 Cir., 78 F.2d 612, 615; Jung Sam and Jung Tim v. Haff, 9 Cir., 1940, 116 F.2d 384, 387.

The order of the District Court dismissing the writ is affirmed.